Thomas P. Riley
Law Offices of Thomas P. Riley, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227
CA SBN No. 194706
Fax: 626-799-9795
TPRLAW@att.net
Tel: 626-799-9797

Attorneys for Plaintiff
Innovative Sports Management, Inc
d/b/a Integrated Sports Media

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Innovative Sports Management, Inc d/b/a Integrated Sports Media,<br><br>Plaintiff,<br><br>vs.<br><br>Martin H. Hernandez Jaimes, individually and d/b/a Parrilla Latina, Sally L. Marin Pinto, individually and d/b/a Parrilla Latina, and Parrilla Latina Colombian Food LLC, an unknown business entity d/b/a Parrilla Latina,<br><br>Defendants. | Case No.:<br><br>COMPLAINT |

**PLAINTIFF ALLEGES:**

**JURISDICTION**

1. Jurisdiction is founded on the existence of a question arising under particular statutes.

This action is brought pursuant to several federal statutes, including the Communications

Act of 1934, as amended, Title 47 U.S.C. Section 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq*.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised *Program* hereinafter set forth at length.

**VENUE**

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of Arizona, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of Arizona (28 U.S.C. § 1391(b)).

**INTRADISTRICT ASSIGNMENT**

5. Assignment to the Phoenix Division of the District of Arizona is proper because a substantial part of the events or omissions giving rise to the claim occurred in Maricopa County and/or, the United States District Court for the District of Arizona has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, Innovative Sports Management, Inc., d/b/a Integrated Sports Media, is, and at all relevant times mentioned was, a New Jersey corporation with its principal place of business located at 64 North Summit St., Suite 218, Tenafly, NJ 07670.

7. Plaintiff is informed and believed, and alleges thereon that Defendant Parrilla Latina Colombian Food LLC is, and at all times relevant hereto was, an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an entity with dominion, control, oversight and management of the commercial establishment doing business as Parrilla Latina operating at 1712 East McDowell Rd., Phoenix, AZ 85006.

8. At all times relevant hereto, including on Tuesday, September 9, 2025, Defendant Martin H. Hernandez Jaimes was a member of Parrilla Latina Colombian Food LLC, which owns and operates the commercial establishment doing business as Parrilla Latina operating at 1712 East McDowell Rd., Phoenix, AZ 85006.

9. At all times relevant hereto, including on Tuesday, September 9, 2025, Defendant Sally L. Marin Pinto was a member of Parrilla Latina Colombian Food LLC, which owns and operates the commercial establishment doing business as Parrilla Latina operating at 1712 East McDowell Rd., Phoenix, AZ 85006.

10. At all times relevant hereto, including on Tuesday, September 9, 2025, Defendants Martin H. Hernandez Jaimes and Sally L. Marin Pinto were specifically identified as members of Parrilla Latina Colombian Food LLC on Arizona Corporation Commission records for Parrilla Latina Colombian Food LLC (Entity ID 23813631).

11. Plaintiff is informed and believes, and alleges thereon, that on Tuesday, September 9, 2025 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendants Martin H. Hernandez Jaimes and Sally L. Marin Pinto had the right and ability to supervise the activities of Parrilla Latina, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

12. Plaintiff is informed and believes, and alleges thereon, that on Tuesday, September 9, 2025 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendants Martin H. Hernandez Jaimes and Sally L. Marin Pinto, as members of Parrilla Latina Colombian Food LLC had the obligation to supervise the activities of Parrilla Latina, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Parrilla Latina operated lawfully at all times.

13. Plaintiff is informed and believes, and alleges thereon, that on Tuesday, September 9, 2025 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendants Martin H. Hernandez Jaimes and Sally L. Marin Pinto specifically directed or permitted the employees of Parrilla Latina to unlawfully intercept, receive, and publish Plaintiff's *Program* at Parrilla Latina, or intentionally intercepted, received, and published

the *Program* at Parrilla Latina themselves. The actions of the employees of Parrilla Latina directly imputable to Defendants Martin H. Hernandez Jaimes and Sally L. Marin Pinto by virtue of their acknowledged responsibility for the operation of Parrilla Latina.

14. Plaintiff is informed and believes, and alleges thereon that on Tuesday, September 9, 2025 (the night of the Program at issue herein, as more specifically defined in Paragraph 20), Defendants Martin H. Hernandez Jaimes and Sally L. Marin Pinto, as members of Parrilla Latina Colombian Food LLC, had an obvious and direct financial interest in the activities of Inca-Fusion Cantina & Peruvian Grill, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

15. Plaintiff is informed and believes and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants Martin H. Hernandez Jaimes and Sally L. Marin Pinto resulted in increased profits for Parrilla Latina.

16. On Tuesday, September 9, 2025 (the night of the Program at issue herein, as more specifically defined in Paragraph 20), Parrilla Latina sold food and beverages to its patrons.

17. On Tuesday, September 9, 2025 (the night of the Program at issue herein, as more specifically defined in Paragraph 20), Parrilla Latina broadcast the *Program* on one medium sized television screen in the establishment while patrons of the establishment were present.

18. The commercial fee for an establishment the size of Parrilla Latina to broadcast the *Program* lawfully was at least $750.00. Neither Defendants nor anyone acting on their behalf paid this fee to Plaintiff.

**<u>COUNT I</u>**

**(Violation of Title 47 U.S.C. Section 605)**

19. Plaintiff Innovative Sports Management, Inc d/b/a Integrated Sports Media, hereby incorporates by reference all of the allegations contained in paragraphs 1-18, inclusive, as though set forth herein at length.

20. Pursuant to a valid and enforceable contract, and via encrypted cable television, encrypted radio (i.e., satellite television), and/or encrypted digital streaming technology, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Venezuela v. Colombia Soccer Match,* telecast nationwide on Tuesday, September 9, 2025 (this included all interviews and game commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

21. Pursuant to contract, Plaintiff Innovative Sports Management, Inc d/b/a Integrated Sports Media, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Arizona, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

22. Upon payment of the appropriate commercial sublicense fees, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media authorized and enabled its customers to access and display the broadcast lawfully. Defendants were not granted sub-licensing rights and/or any other right concerning the *Program.*

23. The *Program* could only be exhibited in a commercial establishment in Arizona if said establishment was contractually authorized to do so by Plaintiff Innovative Sports Management, Inc d/b/a Integrated Sports Media.

24. The broadcast was also available for non-commercial, private viewing for Pay-Per-View purchase, premium channel subscription and/or direct to consumer streaming platforms. Owners of commercial establishments wishing to avoid paying Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media's licensing fees can surreptitiously gain access to Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media's programs by purchasing the programming through streaming apps or websites, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain. In order for anyone to obtain such a broadcast lawfully through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for non-commercial, personal use only.

25. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff Innovative Sports Management, Inc d/b/a Integrated Sports Media, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

26. The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees.

27. On September 9, 2025, in violation of Plaintiff Innovative Sports Management, Inc d/b/a Integrated Sports Media, rights and federal law, Defendants intercepted, received and published the *Program*, at Parrilla Latina. Defendants also divulged and published said communication, or assisted in divulging and publishing said communication to patrons within Parrilla Latina.

28. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-24 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Phoenix, Arizona located at 1712 East McDowell Rd., Phoenix, AZ 85006.

29. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

30. Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, such as the transmission of the *Program* for which Plaintiff Innovative Sports Management, Inc d/b/a Integrated Sports Media, had the distribution rights thereto.

31. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in the case of Defendants Martin H. Hernandez Jaimes and Sally L. Marin Pinto, contributorily or vicariously.

32. By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq*., Plaintiff Innovative Sports Management, Inc d/b/a Integrated Sports Media, has a private right of action pursuant to Title 47 U.S.C. Section 605.

33. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Innovative Sports Management, Inc d/b/a Integrated Sports Media, is entitled to the following from each Defendant:

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

(b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

(c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**COUNT II**

**(Violation of Title 47 U.S.C. Section 553)**

34. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-33, inclusive, as though set forth herein at length.

35. 47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

36. The unauthorized interception and receipt of the Program by the above-named Defendants was prohibited by Title 47 U.S.C. § 553, *et seq.*

37. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. § 553, *et seq.* either directly or in the case of Defendants Martin H. Hernandez Jaimes and Sally L. Marin Pinto, contributorily or vicariously. contributorily or vicariously.

38. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff Innovative Sports Management, Inc d/b/a Integrated Sports Media, has the private right of action pursuant to Title 47 U.S.C. Section 553.

39. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff Innovative Sports Management, Inc d/b/a Integrated Sports Media, is entitled to the following from each Defendant:

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

(c) The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

(d) In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment against the Defendants, joint and severally, as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;
2. For reasonable attorneys' fees as mandated by statute;
3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;
3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and
4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Date: September 8, 2026

*/s/ Thomas P. Riley*

**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Innovative Sports Management, Inc
d/b/a Integrated Sports Media

///

///

///

///

///

//